**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 114125

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Karol Espinal, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Firstsource Advantage, LLC,<br><br>Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Karol Espinal, individually and on behalf of all those similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Firstsource Advantage, LLC (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

1

## PARTIES

5. Plaintiff Karol Espinal is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Firstsource Advantage, LLC, is a New York Limited Liability Company with a principal place of business in Erie County, New York.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Defendant alleges Plaintiff owes a debt ("the Debt").

11. The Debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

12. Sometime after the incurrence of the Debt, Plaintiff fell behind on payments owed.

13. Thereafter, at an exact time known only to Defendant, the Debt was assigned or otherwise transferred to Defendant for collection.

14. In its efforts to collect the debt, Defendant contacted Plaintiff by letter ("the Letter") dated August 22, 2017. (**Exhibit 1.**)

15. The Letter was the initial communication Plaintiff received from Defendant.

16. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

## FIRST COUNT
### Violation of 15 U.S.C. § 1692g

17. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

18. 15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

19. 15 U.S.C. § 1692g(a)(1) requires the written notice provide "the amount of the

2

debt."

20. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt clearly from the perspective of the least sophisticated consumer.

21. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt accurately from the perspective of the least sophisticated consumer.

22. The written notice, to comply with 15 U.S.C. § 1692g(a)(1), must convey the amount of the debt without ambiguity from the perspective of the least sophisticated consumer.

23. The Letter states, "The Amount Due above reflects the total balance due as of the date of this letter. The itemization reflects the post charge-off activity we received from American Express and as such us subject to timing and system limitations."

24. The least sophisticated consumer is left to guess what the "timing and system limitations" are.

25. The least sophisticated consumer is left to guess what effect "timing and system limitations" have on the stated amount due.

26. The least sophisticated consumer is left to guess what the current balance is.

27. The least sophisticated consumer could assume that the balance may be different on the date the letter is received versus the date of the letter.

28. The least sophisticated consumer would not know if the balance as of the date of the letter is different at the time the letter is received.

29. The least sophisticated consumer would not know if the balance as of the date of the letter is different at the time payment is to be made.

30. Based upon the foregoing, the least sophisticated consumer would be confused as to how she could satisfy the debt.

31. Based upon the foregoing, the least sophisticated consumer would be uncertain as to how she could satisfy the debt.

32. Defendant failed to clearly state the amount of the debt.

33. Defendant failed to unambiguously state the amount of the debt.

34. Because of this failure, the least sophisticated consumer would likely be confused as to the amount of the debt.

35. Because of this failure, the least sophisticated consumer would likely be uncertain as to the amount of the debt.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

36.   Defendant violated § 1692g as it failed to clearly, explicitly and unambiguously convey the amount of the debt.

37.   15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

38.   While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

39.   Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

40.   The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

41.   § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose whether the balance may increase due to interest and fees.

42.   For the above stated reasons, Defendant also violated § 1692e.

## CLASS ALLEGATIONS

43.   Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a consumer debt using a letter including the same "timing and system limitations" language used in the Letter herein, from one year before the date of this Complaint to the present.

44.   This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

45.   Defendant regularly engages in debt collection.

46.   The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts using a letter including the same "timing and system limitations" language used in the Letter herein.

47.   Plaintiff's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

48.   The prosecution of separate actions by individual members of the Class would

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

49. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

50. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

    a. Certify this action as a class action; and

    b. Appoint Plaintiff as Class Representative of the Class, and Plaintiff's attorneys as Class Counsel; and

    c. Find that Defendant's actions violate the FDCPA; and

    d. Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

    e. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

    f. Grant Plaintiff's costs; together with

    g. Such other relief that the Court determines is just and proper.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

DATED: July 22, 2018

          **BARSHAY SANDERS, PLLC**

          By: _/s/ *Craig B. Sanders*_____
          Craig B. Sanders, Esq.
          100 Garden City Plaza, Suite 500
          Garden City, New York 11530
          Tel: (516) 203-7600
          Fax: (516) 706-5055
          csanders@barshaysanders.com
          *Attorneys for Plaintiff*
          Our File No.: 114125